United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARREN BROWNE

    Plaintiff,

    v.

SAN FRANCISCO SHERIFF'S DEPARTMENT; Deputy JONES; Deputy ANTONIOTTI; Captain PECOT; Nurse MODESTO; Nurse PITRAE; Nurse CHRISTIAN; Nurse TERESA; Nurse OSAUMB; Sergeant BLOOM; Deputy BACANI; Deputy PANGASNAN; Senior Deputy SANFORD; Captain DYER; PATRICK #1; PATRICK #2; MELINDA NORRELL; Nurse JESSICA; Nurse ELLSA; Lieutenant GINNS; Dr. JOHN TAYLOR; Nurse STAN; Sergeant ADAMS; Lieutenant MIYAMOTO; Deputy CORTESE; Deputy JONES, #1784; Deputy CALDERON; Sr TREVINGIO, #1104; Deputy FOSTER; and Deputy BUI,

    Defendants.

No. C 05-2571 PJH (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

This is a civil rights case filed pro se by a state prisoner. In the initial review order the court dismissed the complaint with leave to amend because plaintiff had filed it in three installments. After a delay caused by plaintiff's changing addresses and returned mail, he has amended. The court will now screen the amended complaint to determine whether it should be served.

**DISCUSSION**

**A.     Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners

seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

1. Plaintiff alleges that on May 19, 2005, defendant Jones caused him to be rehoused from an open dormitory to a filthy closed lockup cell, despite his having been classified for open dorm housing because of an unspecified medical condition.  He complained to defendant Antoniotti to no avail, and Captain Pecot failed to answer his grievance.  This is insufficient to allege deliberate indifference to a serious medical need in the absence of facts about the illness involved and the consequences he suffered from

2

having been put in the cell. This claim will be dismissed with leave to amend.

    2. Plaintiff alleges that at what appears to be roughly the same time, defendant Jones falsified a rule violation report in retaliation for his complaints about the stench in the lockup cell. Plaintiff was given three days in lockup for the violation, whatever it may have been. He also contends that Jones denied him medical attention, but does not provide any details, and that Captain Root failed to answer his grievance about the three-day lockup.

    "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

    Here plaintiff has not alleged facts sufficient to plead causation – that the false rule violation report was written because of his complaints – nor has be alleged a chilling effect and that the action did not advance a legitimate correctional goal. This claim will be dismissed with leave to amend. *See Pratt*, 65 F.3d at 806 (prisoner bears burden of pleading absence of legitimate correctional goals for the conduct of which he complains). His claim that Jones failed to provide him medical care also is conclusory, in that he does not say what medical care was need or what Jones actually did. These claims will be dismissed with leave to amend.

    3. Plaintiff has also included a laundry-list of additional complaints against many other defendants. He is attempting to bring in one action many unrelated claims against parties who are defendants on one claim but not on any others. A plaintiff may properly join as many claims as he has against an opposing party. Fed. R.Civ.P. 18(a). However,

parties may be joined as defendants in one action only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R.Civ.P. 20(a).  As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not related in some way – that is, if there was not "similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, (9th Cir. 1997).  General allegations are not sufficient to constitute similarity when the specifics are different. *Id.*

The claims and defendants as to each of the claims except those discussed in sections one and two appear to be different, so joinder of these claims probably is not proper.  If plaintiff concedes that joinder is not proper he should omit all but claims one and two from the amended complaint; he may include them if he contends joinder is proper, but should allege facts sufficient to show the propriety of the joinder.

**CONCLUSION**

1. The claims discussed in sections one and two above are **DISMISSED WITH LEAVE TO AMEND** within thirty days of the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

If plaintiff concedes that joinder of the other claims was improper, he should omit them from the amended complaint.  If he does not concede that, he should take care to allege facts sufficient to show that joinder is proper.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed

4

"Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  May 2, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\BROWNE571.DWL2.wpd

5